UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82231-CIV-CANNON

LA DOLFINA S.A., LLC, a Florida
Limited liability company, and
ADOLFO CAMBIASO, individually,

    Plaintiffs,
v.

D. ALAN MEEKER, individually,
a/k/a ALAN MEEKER or DAVID
ALAN MEEKER, CRESTVIEW
FARM, LLC, a Texas Limited Liability
Company, and CRESTVIEW
GENETICS, LLC, a Nevada limited
Liability company,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS MATTER** comes before the Court upon the following motions: (1) Plaintiffs' Expedited Motion for a Preliminary Injunction [ECF No. 26]; (2) Plaintiffs' Renewed Expedited Motion for Expedited Discovery in Aid of Motion for a Preliminary Injunction [ECF No. 28]; (3) Plaintiffs' Expedited Motion for Clarification and for Leave to Promulgate Expedited Discovery in Advance of Hearing on Preliminary Injunction [ECF No. 31]; (4) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim [ECF No. 37]; (5) Plaintiffs' Motion to Expedite Inspection of Clones [ECF No. 58]; (6) Defendants' Motion to Strike Plaintiffs' Motion to Expedite Inspection of Clones [ECF No. 59]; (7) Plaintiffs' Expedited Motion for Preservation and Holding of Relevant Electronically Stored Information ("ESI") [ECF No. 61]; (8) Plaintiffs' Motion for Judicial Notice of Relevant Jurisdictional Facts [ECF No. 66]; (9) Defendants' Motion for Sanctions [ECF Nos. 72, 73]; (9) Plaintiffs' Motion for

Leave to File Related Filings [ECF No. 76]. This Order assumes familiarity with the procedural history and factual background of this case.

***

Being fully advised in the premises, it is **ORDERED AND ADJUDGED** as follows:

1. **Plaintiffs' Expedited Motion for a Preliminary Injunction [ECF No. 26] is DENIED.** To be eligible for the extraordinary and drastic relief of a preliminary injunction, Plaintiffs must clearly demonstrate all of the foregoing elements, the first being the most crucial: (1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest. *See generally Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Having considered the parties' submissions, accompanying affidavits, the voluminous record, and the applicable authorities, the Court finds that Plaintiffs have not clearly shown a substantial likelihood of success on the merits. The Court makes no comment on the ultimate success of Plaintiffs' claims except to note that many of the claims in the Amended Complaint turn on contractual language that is not unambiguous. So too does the Amended Complaint present legal theories and factual questions whose resolution at this juncture is not substantially clear.

2. **Plaintiffs' Renewed Expedited Motion for Expedited Discovery in Aid of Motion for a Preliminary Injunction [ECF No. 28] is DENIED**. Plaintiffs may engage in

discovery under the normal course following the submission of a Joint Scheduling Report as referenced in paragraph 16 below.

3. **Plaintiffs' Expedited Motion for Clarification and for Leave to Promulgate Expedited Discovery in Advance of Hearing on Preliminary Injunction [ECF No. 31] is DENIED**.

4. **Plaintiffs' Motion to Expedite Inspection of Clones [ECF No. 58] is DENIED**. The three clones that are the subject of Plaintiffs' motion were sold to a buyer who is not a party to this action and whose conduct is not the subject of the Plaintiffs' operative complaint.

5. **Defendants' Motion to Strike Plaintiffs' Motion to Expedite Inspection of Clones is DENIED [ECF No. 59].**

6. **Plaintiffs' Expedited Motion for Preservation and Holding of Relevant Electronically Stored Information ("ESI") [ECF No. 61] is DENIED WITHOUT PREJUDICE to be refiled at a later date if necessary, after full conferral,** following entry of the Court's Scheduling Order and referral for discovery purposes to Magistrate Judge Reinhart.

7. **Plaintiffs' Motion for Judicial Notice of Relevant Jurisdictional Facts [ECF No. 66] is GRANTED.**

8. **Defendants' Motion for Sanctions [ECF Nos. 72, 73] is DENIED.**

9. **Plaintiffs' Motion for Leave to File Related Filings [ECF No. 76] is GRANTED.**

10. Plaintiff is advised that the repeated filing of related and at least partially duplicative motions seeking similar relief prior to a Court ruling consumes the parties' and the Court's resources and does not serve the efficient administration of justice. Future

CASE NO. 20-22109-CIV-CANNON

filings of this sort by either party may lead to the imposition of sanctions, as will any filings that contravene Court instructions.

11. This leaves for resolution Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim [ECF No. 37]. The Court herein **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction but **RESERVES RULING** on Defendants' Motion to Dismiss for Failure to State a Claim.

12. On or before June 19, 2021, Defendants are directed to refile their Motion to Dismiss containing only those portions relevant to the Rule 12(b)(6) inquiry. **NO ADDITIONAL BRIEFING OR FILING BY EITHER PARTY WILL BE PERMITTED ON DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6), which already has been fully briefed**.

13. The Court has evaluated the full record on the question of personal jurisdiction and believes that Plaintiffs have set forth at least a prima facie case that the exercise of personal jurisdiction over Defendants is consistent with Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *See generally AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364–65 (11th Cir. 2021) (setting forth general framework for evaluation of a challenge to personal jurisdiction in accordance with Rule 12(i) of the Federal Rules of Civil Procedure).

14. The Court incorporates herein the materials referenced in Plaintiffs' Summary on Personal Jurisdiction, which details sufficient information from which to reach the prima facie conclusion that Defendants engaged in meaningful, purposeful contacts with the state of Florida sufficient to support the exercise of personal jurisdiction

[ECF No. 43-1]. This information includes averments that Mr. Meeker, acting as sole decisionmaker for the corporate defendants, met Adolfo Cambiaso in Florida in various occasions to discuss issues arising out of the 2009 and 2019 agreements that are the subject of Plaintiffs' Amended Complaint [ECF No. 22-1 ¶¶3-4, 8, 10] [ECF No. 22-3 ¶15]; traveled on numerous occasions to Florida for the purpose of participating in polo-related events and taking part in business-related discussions and negotiations about genetic-cloning and related contractual agreements [ECF No. 41-1 ¶¶15-16, 19-27, 32, 35] [ECF No. 41-2 ¶¶3-4, 10, 12, 14] [ECF No. 41-3 ¶¶4, 7, 10-11, 15] [ECF No. 41-4 ¶¶5, 7] [ECF No. 41-5 p. 3]; directed as manager the operation of real property in Florida through another corporate entity and represented that property as his own, even if not for his primary benefit [ECF No. 41-1 ¶35] [ECF No. 41-3 ¶¶8, 16]; entered into cloning-related agreements with other parties and agreed at least in one of those agreements to permit enforcement of the agreement in Florida courts [ECF No. 41-5, p. 3]; has engaged in at least one sale of a horse in Florida and transferred horses to Florida for limited periods [ECF No. 54 App. 0112]; and sold three of the allegedly unauthorized horse clones to a third-party buyer who kept the horses at least for a period in Florida during the pendency of this lawsuit and arranged for inspection of those horses in Florida [ECF No. 41-13 p. 3; *see* ECF No. 54 (Exhibit B – Declaration of Wendi Smith) (asserting that Defendants had no involvement in the transfer of the three cloned horses to Florida following the sale of the horses to the non-party buyer)].

15. Defendants minimize most of these contacts as primarily personal in nature, disconnected from their horse-closing and genetic businesses [ECF No. 54 App. 0111- (Meeker Declaration)]. But the Court construes the disputed facts at this stage in the

CASE NO. 20-22109-CIV-CANNON

light most favorable to Plaintiff and is satisfied that a prima facie showing has been made to support personal jurisdiction. The Court acknowledges that Defendants are not Florida residents and do not maintain an office in Florida, but the record evidence before the Court nonetheless establishes as a prima facie matter that Defendants have purposely availed themselves of this forum by conducting business activities in this forum specifically related to the claims at issue in this case. Nor does the Court see how the exercise of personal jurisdiction over Defendants would contravene "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

16. In reaching this conclusion, the Court has relied solely on the complaint, affidavits, and exhibits supplied by the parties, and it has construed all reasonable inferences in favor of Plaintiffs where the parties' positions conflict. *AcryliCon USA, LLC*, 985 F.3d at 1365. *Id.* "After trial, if the defendant still believes personal jurisdiction is lacking, it may invite the district court to revisit personal jurisdiction in light of the evidence produced at trial, at which time the court will impose a preponderance-of-the-evidence standard." *Id.*

17. **The parties are directed to submit a Joint Scheduling Report to the Court on or before July 2, 2021. Local Rule 16.1(b).**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 16th day of June 2021.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**AILEEN M. CANNON**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

cc:　　counsel of record