**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NOS. 21-81066-CIV-CANNON
20-82231-CIV-CANNON/Reinhart

**CRESTVIEW FARM, L.L.C.,**

    Plaintiff,

v.

**ADOLFO CAMBIASO, LA DOLFINA, S.A.,**
**and LA DOLFINA, S.A., LLC,**

    Defendants.
_____/

**LA DOLFINA S.A., LLC, a Florida**
**Limited liability company, and**
**ADOLFO CAMBIASO, individually,**

    Plaintiffs,

v.

**D. ALAN MEEKER, individually,**
**a/k/a ALAN MEEKER or DAVID**
**ALAN MEEKER, CRESTVIEW**
**FARM, LLC, a Texas Limited Liability**
**Company, and CRESTVIEW**
**GENETICS, LLC, a Nevada limited**
**Liability company,**

    Defendants.
_____/

**CRESTVIEW DEFENDANTS' MOTION TO DISMISS**
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Crestview Genetics, LLC ("**Genetics**"), Crestview Farm, LLC ("**Farm**"), and David Alan Meeker ("**Mr. Meeker**," and together with Genetics and Farm, the "**Crestview Defendants**") file this motion to dismiss the Counterclaim and Third-Party

1

Complaint filed by La Dolfina S.A., LLC ("**La Dolfina Sub**")[1] and Adolfo Cambiaso ("**Mr. Cambiaso**, and together with La Dolfina Sub, the "**Counterclaimants**") on August 18, 2021. (ECF Doc. No. 134.)

## PROCEDURAL BACKGROUND

Prior to Plaintiffs' filing of this case on December 8, 2020, Farm had already instituted an action in the Northern District of Texas[2] on December 3, 2020 relating to the same matters and issues, including, but not limited to, the interpretation of the 2009 Agreement and seeking resolution regarding the rights and duties of the parties under the same. Farm's action was subsequently transferred to the Southern District of Florida, and on August 3, 2021, the two actions were consolidated. (ECF Doc. No. 115.) On August 11, 2021, Mr. Cambiaso and La Dolfina Sub filed their Second Amended Complaint (the "**SAC**"), which spanned an incredible 150 pages (not including exhibits) and over 600 paragraphs. (ECF Doc. No. 122.) The Crestview Defendants have since moved to dismiss the SAC. (ECF Doc. No. 144.) Just one week after filing the SAC, Counterclaimants filed the instant Counterclaim and Third-Party Complaint (the "**Counterclaim**"). (ECF Doc. No. 134.) The Counterclaim—which consists of an unwieldy 136 pages,[3] not including exhibits—is a near line-by-line copy of the SAC. Accordingly, the Crestview Defendants hereby move to dismiss the Counterclaim for the same reasons as set forth in their Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF Doc. No. 144), and because the Counterclaim is unreasonably duplicative and was not filed as part of the Counterclaimants' Answer, as required under the Federal Rules.

---

[1] References to non-party La Dolfina S.A. or La Dolfina refer to La Dolfina Sub's alleged parent, which allegedly "assigned" its interest in the claims at issue in this litigation to La Dolfina Sub.

[2] *Crestview Farm, L.L.C. v. Adolfo Cambiaso, La Dolfina S.A., and La Dolfina, S.A., LLC*, No. 4:20-cv-01288-O (N.D. Tex. Dec. 3, 2020).

[3] It is difficult to tell exactly how many paragraphs are in the Counterclaim, as the numbering is disjointed and non-consecutive throughout, likely a symptom of Counterclaimants copying and pasting the same allegations from their SAC.

## ARGUMENT

**I.     THE COUNTERCLAIM FAILS TO STATE A CLAIM.**

For the same reasons expressed in the Crestview Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "**Motion to Dismiss**") (ECF Doc. No. 144), the Counterclaim has failed to state a claim. The Crestview Defendants hereby move to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). In doing so, the Crestview Defendants incorporate by reference the arguments set forth in their Motion to Dismiss as if fully set forth in this motion and respectfully refer the Court to the same.

**II.    THE COUNTERCLAIM IS DUPLICATIVE OF THE SAC AND SHOULD BE DISMISSED.**

The Counterclaim should be dismissed, as it is wholly duplicative of the allegations and claims set forth in the SAC. Claims that are duplicative of other claims in the same litigation should be dismissed. *Manning v. Carnival Corp.*, 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012). Duplicative claims are those that stem from identical allegations, that are decided on the same legal standards, and for which identical relief is available. *Id. See also Cieutat v. HPCSP Investments, LLC*, CV 20-0012-WS-B, 2020 WL 2199618, at *1 (S.D. Ala. May 6, 2020) (internal citations and quotations omitted) (citing authority from the 7th, 8th, and 9th Circuits) ("Because a redundant claim is subject to dismissal, proposed amendments are futile when they are … duplicative of existing claims … ."); *id.* (citing *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate, LLC*, 18-80407-CIV, 2018 WL 6727315 (S.D. Fla. Dec. 22, 2018)) ("Sister courts throughout [the 11th] Circuit [(including the Southern District of Florida)] have recognized the same proposition … .").

As noted above, the Counterclaim is a near line-by-line reproduction of the allegations and Counts pleaded in the SAC. Both filings contain the same factual allegations, as well as the same causes of action. Further, both filings seek identical relief. As a result, the Counterclaim is wholly

3

duplicative of the SAC, and the Counterclaim should, therefore, be dismissed in the interest of fairness and judicial economy. *See Manning*, 2012 WL 3962997, at *2.

## III. ALTERNATIVELY, THE COUNTERCLAIM SHOULD BE STRICKEN.

### A. The Counterclaim is entirely redundant of the SAC.

The Counterclaim should be stricken as impermissibly redundant of the SAC. Federal Rule of Civil Procedure 12(f) permits a district court to strike any "redundant, immaterial, impertinent, or scandalous matter" set forth in a pleading. Here, the matters set forth in the Counterclaim are entirely redundant of the matters set forth in the SAC. The Counterclaim sets forth few, if any, new matters, each of which are wholly immaterial to Mr. Cambiaso and La Dolfina Sub's claims. Accordingly, the Court should strike the Counterclaim in its entirety—or, alternatively, strike all matters the court finds to be redundant of the SAC.

### B. The Counterclaim has been impermissibly filed as a standalone "pleading."

Under the Federal Rules, a counterclaim is not a "pleading" and, therefore, may not be filed as a standalone document. *See, e.g.*, *Erdman v. Falkner*, 1:18-CV-414-TFM-C, 2019 WL 2250276, at *2 n.6 (S.D. Ala. May 24, 2019). Rather, a counterclaim must be included in a "pleading." Fed. R. Civ. P. 13(a)(1). A counterclaim itself is not included in the definition of a "pleading" in the Federal Rules. *See* Fed. R. Civ. P. 7(a).

While a third-party complaint is defined as a "pleading" under Rule 7, it is generally understood that a counterclaim may only be pleaded in a defendant's ***answer***. *See Erdman*, 2019 WL 2250276, at *2 n.6 (citing *Federal Procedure, Lawyers Edition*, 27A Fed. Proc., L. Ed. § 62:201 (March 2019 Update)). In any event, it is clear that Counterclaimants' styling of this filing as a "Third-Party Complaint" is nothing but an attempt to circumvent the rule against filing a standalone counterclaim in order to bog down these proceedings with abundant, duplicative allegations and

claims. Counterclaimants should not be permitted to waste the parties' or the Court's time by doing so, and the redundant Counterclaim should be stricken.

### C. Counterclaimants have failed to state proper third-party claims.

Finally, to the extent that the Counterclaim purports to allege third-party claims against certain parties already involved in this litigation,[4] these claims fail because they do not allege liability that is derivative of Cambiaso's or La Dolfina's liability or potential liability to the Crestview Defendants. Federal Rule of Civil Procedure 14 permits a party to implead a third-party defendant "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Thus, "[i]mpleader is only available … when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." *Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC*, 855 Fed. App'x 599, 602 (11th Cir. 2021) (citing *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982)). In other words, impleader is only appropriate when the "defendant's right against the third party is merely an outgrowth of the same core of facts." *Id.* In that instance, impleader is used as a means of "reduc[ing] litigation by having one lawsuit do the work of two." *Id.*

On the other hand, Counterclaimants' attempt to insert third-party claims in the Counterclaim stands to needlessly expand and overburden this litigation with repetitive and duplicitous claims and pleadings. None of the Counterclaimants' allegations establish a claim for derivative liability and do not establish that the third-party defendants are or may be liable to Cambiaso or La Dolfina for any part of their own liability to Farm. These claims are, therefore, not appropriately brought as third-party claims under Rule 14. Accordingly, the Court should strike or dismiss any "third-party claim" in the Counterclaim.

---

[4] It is nearly impossible to parse which portions of the Counterclaim allege third-party claims, rather than counterclaims, and against which parties, as the Counterclaim, like the SAC, suffers from general, shotgun pleading that fails to delineate which parties are accused of what conduct. Moreover, the parties who are ostensibly "third-party defendants" were already parties to this consolidated action prior to the filing of the Counterclaim.

## **CONCLUSION**

For the foregoing reasons, the Crestview Defendants respectfully request that the Court dismiss the Counterclaim for failure to state a claim and because it is wholly duplicative of the SAC already filed in this litigation. Alternatively, the Crestview Defendants request that the Court strike the Counterclaim as being impermissibly redundant of the claims in the SAC and because the Counterclaim has not been filed with the Counterclaimants' answer as required by the Federal Rules.

Dated: September 20, 2021

Respectfully submitted,

**DLA PIPER LLP (US)**

**By:** *Ryan D. O'Quinn*
Ryan D. O'Quinn (FBN 513857)
ryan.oquinn@dlapiper.com
Maia Sevilla-Sharon (FBN 123929)
maia.sevillasharon@dlapiper.com
**DLA Piper LLP (US)**
200 South Biscayne Blvd. Suite 2500
Miami, FL 33131
Telephone: (305) 423-8553

Jason Lewis (admitted *pro hac vice*)
jason.lewis@dlapiper.com
James C. Bookhout (admitted *pro hac vice*)
james.bookhout@dlapiper.com
**DLA Piper LLP (US)**
1900 N. Pearl Street
Dallas, TX 75201
Telephone: 214 -743-4549


**NASON YEAGER GERSON HARRIS & FUMERO, P.A.**

Gary Woodfield (FBN 0563102)
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Telephone: (561) 627-8100
gwoodfield@haileshaw.com

*Counsel for Crestview Farm, LLC, Crestview Genetics, LLC, and Alan Meeker*

7

**CRESTVIEW DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM
AND THIRD-PARTY COMPLAINT**
WEST\296123543.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or plaintiff either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Ryan D. O'Quinn*
                                                Ryan D. O'Quinn