**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO**. 20-82231-CIV-CANNON/Reinhart

**LA DOLFINA S.A., LLC,** and
**ADOLFO CAMBIASO,**

      Plaintiffs/Counter-Defendants,

v.

**D. ALAN MEEKER,**
**CRESTVIEW FARM, LLC,**
and **CRESTVIEW GENETICS, LLC**,

      Defendants/Counter-Plaintiffs,

_____/

## MOTION FOR JUDGMENT AS A MATTER OF LAW AGAINST PLAINTIFF LA DOLFINA S.A., LLC FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant/Counter-Plaintiffs Crestview Farm, LLC ("**Farm**"), Crestview Genetics, LLC ("**Genetics**"), and David Alan Meeker ("**Mr. Meeker**") (collectively, "**Crestview Parties**") respectfully submit this brief in support of their Motion for Judgment as Matter of Law Against Plaintiff La Dolfina S.A., LLC ("**La Dolfina Sub**") for Lack of Subject Matter Jurisdiction

La Dolfina Sub's claims fail for lack of subject matter jurisdiction because it lacks standing to bring its claims for breach of contract (Counts III and IV), unjust enrichment (Count V), equitable accounting (Count VI), and misappropriation of trade secrets (Counts VII and VIII).

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337-38 (2016); *see also* U.S. CONST. Art. III, § 2. Standing is a threshold jurisdictional question. *MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311, 1313 (S.D. Fla. 2017) (*Palm Beach Golf Ctr.–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015)). "Standing cannot be waived or conceded by

1

the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case."[1] *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

Assignees may obtain Article III standing by virtue of a valid assignment. *PDVSA U.S. Litig. Tr. v. Lukoil Pan Americas LLC*, 372 F. Supp. 3d 1353, 1357 (S.D. Fla. 2019), *aff'd sub nom. PDVSA US Litig. Tr. v. Lukoil Pan Americas, LLC*, 991 F.3d 1187 (11th Cir. 2021); *JPJ Servs. LLC v. Hartford Ins. Co.*, No. 20-14335-CIV-ROSENBERG/MAYNARD, 2021 WL 7540804, *1 (S.D. Fla. Apr. 8, 2021). Here, La Dolfina Sub's sole basis for constitutional standing is the assignment from La Dolfina, S.A. of its rights and privileges under the 2019 Side Letter Agreement. (ECF No. 303, Third Amended Complaint ¶¶ 78, 89). **That assignment is invalid.** As the Court noted in its Summary Judgment Order:

> La Dolfina LLC is a different legal entity than La Dolfina. La Dolfina LLC was not a party to the 2019 Side Letter Agreement. And Section 10 of the 2019 Side Letter Agreement explicitly states as follows: "[t]he Parties [La Dolfina, Cambiaso, and Crestview Genetics] shall not be entitled to transfer or assign this agreement or any of its rights and privileges hereunder to any third party without the prior written consent of the party."

(ECF No. 362 at 46.) During Day 5 of trial in this matter, counsel for La Dolfina Sub conceded that the assignment between La Dolfina S.A. and La Dolfina Sub was invalid given the express anti-assignment provision. (Trial Tr. Day 5 at 267:9-14 (rough draft).) Counsel's admission is binding on La Dolfina Sub. *Crmsuite Corp. v. Gen. Motors Co.*, No. 8:20-CV-762-WFJ-AAS, 2021 WL 914170, at *3 (M.D. Fla. Mar. 10, 2021) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997) (noting unambiguous concessions of counsel made during oral argument can bind the represented party).

Moreover, the uncontroverted record evidence establishes that the 2019 Side Letter

---

[1] The Crestview Parties challenged the assignment to La Dolfina Sub in their live pleading. (ECF No. 309 ¶ 31.)

Agreement contained an anti-assignment provision that required Adolfo Cambiaso and La Dolfina S.A. to obtain Crestview Genetics' consent prior to assigning the contract or their rights or privileges thereunder. It is undisputed that La Dolfina S.A. never sought Crestview Genetics' consent—much less obtained it. (Trial Tr. Day 6 at 127:7–128:2 (rough draft).) Because La Dolfina Sub's breach of contract claims against Crestview Genetics stem from La Dolfina S.A.'s assignment of its rights under the 2019 Side Letter Agreement, La Dolfina Sub's breach of contract claims (Counts III and IV) must be dismissed. *Express Damage Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, No. 1:19-CV-24127-JLK, 2019 WL 6699702, at *1 (S.D. Fla. Dec. 9, 2019).

Likewise, La Dolfina Sub's claims for trade secret violations must be dismissed. La Dolfina Sub was formed solely for purposes of this litigation and the relevant paperwork was filed with the Florida Secretary of State *after* this lawsuit was filed. (Trial Tr. Day 2 at 189:20–190:10 (rough draft); ECF No. 18-1 at 10.) It could not possibly have been injured by alleged "misappropriation" that occurred *before* it even existed. Moreover, at trial, the undisputed testimony established that La Dolfina Sub has no assets or operations. (Trial Tr. Day 4 at 209:22–210:12 (rough draft).) If La Dolfina Sub has no assets and no business, it has no trade secrets. Accordingly, La Dolfina Sub's trade secret claims under the Defendant Trade Secrets Act, 18 U.S.C. § 1832 (Count VII) and Florida Uniform Secrets Act– F.S. §§ 688.001 (Count VIII) both fail.

Similarly, to the extent La Dolfina Sub asserts an unjust enrichment claim (Count V), La Dolfina Sub was created *after* the alleged unjust enrichment occurred. Moreover, if La Dolfina Sub did not provide any goods or services, it cannot have conferred a benefit on any of the Crestview Parties. In other words, it cannot sue for unjust enrichment if it did not have anything for anyone else to take. Accordingly, the Court should enter judgment as a matter of law on La Dolfina Sub's claims.

Dated: May 2, 2024.                                  Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Andrea Guzman*
Andrea Guzman (FBN 118716)
Andrea.Guzman@us.dlapiper.com
DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
(305) 423-8525

Jason Lewis (admitted *pro hac vice)*
jason.lewis@dlapiper.com
James C. Bookhout (admitted *pro hac vice)*
james.bookhout@dlapiper.com
DLA Piper LLP (US)
1900 N. Pearl Street
Dallas, TX 75201
(214) 743-4549

Michelle Morgan (admitted *pro hac vice*)
michelle.morgan@us.dlapiper.com
DLA Piper LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5680

**NASON YEAGER GERSON HARRIS & FUMERO, P.A.**
Gary Woodfield (FBN 0563102)
gwoodfield@haileshaw.com
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
(561) 627-8100

*Counsel for Crestview Farm, LLC, Crestview Genetics, LLC, and Alan Meeker*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or plaintiff either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                             */s/ Andrea Guzman*
                                                             Andrea Guzman