UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82231-CIV-CANNON/Reinhart

LA DOLFINA S.A., LLC, and
ADOLFO CAMBIASO,

    Plaintiffs/Counter-Defendants,

v.

D. ALAN MEEKER,
CRESTVIEW FARM, LLC,
and CRESTVIEW GENETICS, LLC,

    Defendants/Counter-Plaintiffs,

v.

LA DOLFINA S.A.,

    Counter-Claimant and Counterclaim-
    Defendant.

### PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING STANDING OF LA DOLFINA S.A., LLC

Plaintiffs La Dolfina S.A., LLC, Adolfo Cambiaso, and Counter-Claimant La Dolfina S.A. (collectively, "Plaintiffs"), by and through undersigned counsel, submit this supplemental brief on La Dolfina S.A., LLC's standing, per the Court's direction in Court on May 2, 2024.

### Standing by La Dolfina S.A., LLC

Defendants moved on Trial Day 7 to dismiss La Dolfina S.A., LLC's claims on the basis of a lack of standing because of the anti-assignment clause in the 2019 Side Letter Agreement.[1]

---

[1] Defendants moved for judgment as a matter of law under Rule 50(a). That is not the proper rule, nor does that rule apply the appropriate standard. Fed. R. Civ. P. 52(c) ("If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.").

More specifically, Defendants moved: 'First is standing, that La Dolfina S.A., LLC, <u>lacks standing because the assignment is invalid</u>. I believe plaintiffs have conceded that, and I would ask for judgment as a matter of law on any affirmative claims asserted by La Dolfina S.A., LLC." (Rough Trial Transcript at Day 7, Page 262).[2]

The Court directed the Parties to provide supplemental briefing on the Article III standing issue by 10 p.m. today. Plaintiffs do so now.

After careful consideration, Plaintiffs offer to stipulate to the removal of La Dolfina, S.A., LLC as a Plaintiff with respect to Plaintiffs' claims for (i) Breach of the 2019 Side Letter Agreement (Count III) and (ii) Breach of Bailment Contract arising from the 2019 Side Letter Agreement (Count IV). *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Plaintiffs consider this withdrawal to be consistent with the Court's prior ruling on summary judgment. [ECF 362]. There, while the Court did not rule on a specific motion for summary judgment against La Dolfina S.A., LLC on a standing basis, the Court granted Defendants' motion for summary judgment on Plaintiffs' Ninth Affirmative Defense (No Third

---

"When ruling on a Rule 52(c) motion, 'the court must weigh the evidence and may consider the witnesses' credibility,' treating the motion 'as if it were a final adjudication at the end of trial ....'" *JDI Holdings, LLC v. Jet Mgmt., Inc.*, 732 F.Supp.2d 1205, 1209 (N.D. Fla. 2010) (*quoting Caro–Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1504 (11th Cir. 1993)). "The standards that govern judgment as a matter of law in a jury case have no bearing on a decision under Rule 52(c)." *Id.* (Committee Notes on Rules—2007 Amendment).

[2] Defendants rely on colloquy between Plaintiffs' counsel and the Court during a charge conference, in which the Court asked whether it was "undisputed that there was such an assignment in contravention of a legal provision," and Plaintiffs' counsel acknowledged the Court's summary judgment ruling from memory, but made no admissions or concessions regarding La Dolfina SA LLC's ability to proceed as a Plaintiff. [See Trial Day 5 Rough at Page 267].

Party Assignment).   [ECF 362 at 45.] Accordingly, and for consistency and after careful consideration, Plaintiffs stipulate to this limited withdrawal.

That stipulation would render Defendants' Motion moot. La Dolfina S.A., LLC does not lack standing to continue to pursue Plaintiffs' remaining claims: Unjust Enrichment (Count V), Equitable Accounting (Count VI), and violation of the DTSA and FTSA (Counts VII and VIII). Defendants' only claimed basis for a lack of standing is the alleged invalidity of the assignment in light of the anti-assignment clause of the 2019 Side Letter Agreement.  None of those claims arise from the 2019 Side Letter Agreement and thus Defendants' claimed basis for a lack of standing does not apply to those claims. Defendants have not identified any other reason preventing La Dolfina S.A. from assigning certain litigation rights to La Dolfina S.A., LLC. As a result, La Dolfina's assignment to La Dolfina S.A., LLC of the right to pursue litigation of claims that do not relate to the 2019 Side Letter Agreement is unchallenged—in particular, the assignments related to Unjust Enrichment (Count V), Equitable Accounting (Count VI), and violation of the DTSA and FTSA (Counts VII and VIII).

The dismissal of La Dolfina S.A., LLC from Counts III and IV will not otherwise affect the claims and defenses brought by Plaintiffs in this case. Practically, the only change will be adjusting the jury instructions and verdict form to reflect the proper Plaintiffs for each claim, instead of referring to Plaintiffs as a single entity.

## **CONCLUSION**

Plaintiffs accordingly respectfully request that the Court deny Defendants' Motion for Judgment as a Matter of Law as moot with respect to Counts III and IV and without grounds with respect to Counts V, VI, VII, and VIII.

Dated: May 2, 2024

Respectfully submitted,

MCDONALD TOOLE WIGGINS, P.A.

*s/ Francis M. McDonald, Jr.*
Francis M. McDonald, Jr.
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Email: fmcdonald@mtwlegal.com,
slong@mtwlegal.com

Habib Nasrullah (Admitted *pro hac vice*)
Miles D. Orton (Admitted *pro hac vice*)
Michaela H. Redlingshafer (Admitted *pro hac vice*)
William P. Sowers (Admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: nasrullah@wtotrial.com
orton@wtotrial.com
redlingshafer@wtotrial.com
sowers@wtotrial.com

Avery S. Chapman
Florida Bar No. 517321
Chapman Law Group, PLC
12008 South Shore Blvd., Suite 105
Wellington, FL 33414
asc@chapmanlawgroup.net
teh@chapmanlawgroup.net

*Counsel for La Dolfina S.A., LLC, Adolfo Cambiaso, and La Dolfina S.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    MCDONALD TOOLE WIGGINS, P.A.

    *Francis M. McDonald, Jr.*
    Francis M. McDonald, Jr.