UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82231-CIV-CANNON/Reinhart

**LA DOLFINA S.A., LLC**, and
**ADOLFO CAMBIASO,**

    Plaintiffs/Counter-Defendants,

v.

**D. ALAN MEEKER**,
**CRESTVIEW FARM LLC**,
and **CRESTVIEW GENETICS LLC**,

    Defendants/Counter-Plaintiffs

v.

**LA DOLFINA S.A.**

    Counter-Claimant/Counter-Defendant.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AGAINST PLAINTIFF LA DOLFINA, S.A., LLC FOR LACK OF STANDING**

**THIS CAUSE** comes before the Court upon Defendants' Motion for Judgment as a Matter of Law Against Plaintiff La Dolfina S.A., LLC for Lack of Subject Matter Jurisdiction (the "Motion") [ECF No. 475]. Defendants argue that La Dolfina, S.A., LLC (hereinafter "La Dolfina Sub") lacks Article III standing, warranting dismissal of its claims against all Defendants as asserted in the Third Amended Complaint [ECF No. 475; *see* ECF No. 303]. Upon review of the Motion, the associated filings [ECF Nos. 476, 487, 489], and the full trial record [ECF Nos. 494, 496, 498], Defendants' Motion is **GRANTED**.

## BACKGROUND

Given this case's lengthy history, the Court provides only the procedural background necessary to understand the instant Motion. On May 2, 2022, after the close of evidence at trial, Defendants moved for judgment as a matter of law seeking dismissal of La Dolfina Sub's claims due to lack of standing [ECF No. 517 pp. 264–65; ECF No. 475].[1] The Court ordered the parties to file limited briefing on the issue [ECF No. 479; *see* ECF Nos. 475, 476]. Pursuant to Rule 41(a)(2), Plaintiffs' brief stipulated to withdraw La Dolfina Sub as a Plaintiff with respect to claims brought under the 2019 Side Letter Agreement (*i.e.*, Counts III and IV) [ECF No. 476].[2] Plaintiffs maintain, however, that La Dolfina Sub—a wholly owned subsidiary of Plaintiff La Dolfina, S.A.—has standing to bring its remaining claims by virtue of a purported assignment from La Dolfina, S.A. [ECF Nos. 476, 487]. On May 6, 2024, the Court ordered additional supplemental briefing on the question, which the parties submitted along with supporting attachments [ECF Nos. 487, 489]. Plaintiffs' supplemental brief attached a Declaration from Plaintiff Adolfo Cambiaso concerning the described assignment [ECF No. 487-1 (asserting that "[La Dolfina Sub] received a partial assignment of rights from La Dolfina S.A. in order to act as a plaintiff in pursuing the claims at issue")].

## LEGAL STANDARD

Defendants moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) [*See* ECF No. 475; ECF No. 517 pp. 264–65]. But because Plaintiffs' claims are equitable in nature, it is Rule

---

[1] The Court expresses concern about the timing of Defendants' challenge. *See infra* pp. 3–4.

[2] This Order accepts Plaintiffs' stipulated removal of La Dolfina Sub as a Plaintiff with respect to Counts III and VI [ECF No. 476]. *See* Fed. R. Civ. P. 41(a)(2) ("Expect as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

52(c)—and not Rule 50(a)—that governs the instant Motion. *See Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1504 (11th Cir. 1993). When ruling on a Rule 52(c) motion, courts use a preponderance-of-the-evidence standard. *Emerson Elec. Co. v. Farmer*, 427 F.2d 1082, 1086 (5th Cir. 1970). Unlike a motion brought under Rule 50(a), courts do not draw inferences in the nonmovant's favor when adjudicating a request under Rule 52(c). *Id.* In this posture, "the court must weigh the evidence and may consider the witnesses' credibility." *Caro-Galvan*, 993 F.2d at 1504 (quoting *Chris Berg, Inc. v. Acme Mining Co.*, 893 F.2d 1235, 1238 n.2 (11th Cir. 1990)).

## DISCUSSION

The Court finds the La Dolfina Sub lacks standing and must be dismissed. Plaintiffs failed to adduce any evidence of an assignment at trial. And absent such an assignment, La Dolfina Sub has not experienced a cognizable injury sufficient to establish Article III standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (explaining that the injury-in-fact requirement "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy").

Before discussing the substance of the Motion, the Court finds it necessary to express some concern about the timing of Defendants' challenge to La Dolfina Sub's Article III standing. Defendants waited until after both sides had rested—and after the trial record was closed—to raise in earnest the instant standing argument [ECF No. 517 pp. 264–65]. The timing of the Motion prevented Plaintiffs from meaningfully rebutting Defendants' standing challenge: it was too late at that point to introduce evidence or elicit testimony regarding the disputed assignment. While it is true that Plaintiffs bear the burden of establishing Article III standing, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), the Court is left wondering why this issue could not have been raised sooner in the proceedings. All that said, and as discussed below, the Court is ultimately satisfied that La Dolfina Sub's standing—and the existence and validity of the assignment—was raised

(albeit generally) in different contexts throughout this proceeding so as to put Plaintiffs on notice of the issue.  Moreover, Plaintiffs never moved to reopen the trial record for purposes of introducing evidence of the assignment.

> **I.        Plaintiffs' stipulation does not moot the standing issue.**

As an initial matter, the Court addresses Plaintiffs' claim that their stipulation as to Counts III and IV renders Defendants' Motion moot [ECF No. 476 p. 3; *see* ECF No. 487 p. 4 (arguing that Defendants' "only basis for challenging the LLC's standing was the anti-assignment provision of the 2019 Side Letter Agreement")].  This argument fails for two reasons.  First, notwithstanding the Court's concern about the timing of Defendants' Motion, *see infra* p. 3, Defendants have generally challenged La Dolfina Sub's standing in different contexts throughout this proceeding [*See* ECF No. 37 (challenging standing of La Dolfina, S.A., LLC to bring trade secret claims); ECF No. 309 p. 8 ¶ 31 (denying as a general matter the validity of the assignment); ECF No. 309 p. 61 ¶ 31 (challenging the validity of the assignment as a breach of the 2019 Side Letter Agreement)].  Second, even if Defendants had not previously challenged La Dolfina Sub's standing—or if those challenges were limited to the validity of the assignment under the 2019 Side Letter Agreement—the Court has an independent duty to assess subject matter jurisdiction; it is not confined to arguments raised in Defendants' Motion.  *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (providing that the question of Article III standing "may be raised (even by the court *sua sponte*) any stage of the case").  As such, the issue of La Dolfina Sub's standing to bring the remaining claims is properly before the Court.

## II. Plaintiffs failed to carry their evidentiary burden as to La Dolfina Sub's standing.

The plaintiff carries the burden of establishing Article III standing. *Lujan*, 504 U.S. at 561. To do so, the plaintiff must demonstrate that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Assignees may obtain Article III standing by virtue of a valid assignment so long as the assignor—in this case, La Dolfina, S.A.—has standing to bring the claims. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor."); *see Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1322 (11th Cir. 1990) (providing that "the party that relies on an assignment has the burden of proving its existence and validity"). Standing must exist "at the outset of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). As such, a valid assignment must have been executed before the action was initiated—or, at the very least, before the filing of the operative complaint [ECF No. 489 p. 5 (collecting cases)].

Here, Plaintiffs failed to carry their burden of proving that La Dolfina, S.A. assigned any rights to La Dolfina Sub. *See Simon*, 895 F.2d at 1322. Plaintiffs did not introduce any evidence of a written assignment at trial.[3] And while Florida law does not require that an assignment be in writing, *Stewart v. Hooters of Am., Inc.*, 432 F. App'x 903, 905 (11th Cir. 2011), Plaintiffs have not identified any evidence in the trial record regarding an oral assignment or when such assignment was made.

---

[3] Plaintiffs also appear to have refused to produce any assignment-related evidence during discovery, despite Defendants' requests for such materials [ECF No. 489 p. 3; ECF Nos. 489-1, 489-2 (Plaintiffs' responses to RFPs)].

Cambiaso's Declaration does not change the calculus [ECF No. 487-1]. Because the Declaration—which was attached to Plaintiffs' May 8, 2024, supplemental brief—was filed post-trial after the close of evidence, the Court declines under the circumstances to consider it now. *Simon*, 895 F.2d at 1322; *see Lujan*, 504 U.S. at 561 (explaining that when standing is disputed at "the final stage" of a case, it must be established by "evidence adduced at trial"). But, even if the Court were to consider the Declaration [*see* ECF No. 485], the result would be the same. Cambiaso's generalized, threadbare Declaration lacks any detail about the scope and/or timing of the alleged assignment [ECF No. 487-1]. Cambiaso's Declaration does not cure La Dolfina Sub's lack of standing.

### III. In the absence of a valid assignment, La Dolfina Sub lacks standing.

Absent a valid assignment, La Dolfina Sub cannot prove it experienced an injury in fact sufficient to establish standing. As Mr. Cambiaso and Mr. Roberto Zedda testified consistently at trial, the entity has no assets or business operations; it was formed solely for purposes of this litigation [ECF No. 494-2 pp. 192–93; ECF No. 494-4 pp. 214–15]. Accordingly, for purposes of the trade secret claims (Counts VII and VIII), La Dolfina Sub does not "own" or "possess" a trade secret such that it could have been injured by Defendants' alleged misappropriation. *Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1293 (S.D. Fla. 2018) (setting forth the elements of federal and state trade secret claims). The unjust enrichment claim (Count V) fails for the same reason. La Dolfina Sub lacked any assets or "benefits" to confer to Defendants, such that "it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Agritrade, LP v. Quercia*, 253 So. 3d 28, 33 (Fla. Dist. Ct. App. 2017) (setting forth the elements of an unjust enrichment claim under Florida law). As stated by Defendants, La Dolfina Sub "cannot sue for unjust enrichment if it did not have anything for anyone else to take"

[ECF No. 489 p. 7].  Finally, because La Dolfina Sub has no assets and conferred no benefit to Defendants, it lacks standing to raise its equitable account claim (Count VI).

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion [ECF No. 475] is **GRANTED**.  The claims brought by La Dolfina, S.A., LLC are dismissed.  This Order does not affect claims brought by, or against, other parties.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 28th day of May 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record