UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82231-CIV-CANNON/Reinhart

LA DOLFINA S.A., LLC, and
ADOLFO CAMBIASO,

    Plaintiffs/Counter-Defendants,

v.

D. ALAN MEEKER,
CRESTVIEW FARM, LLC,
and CRESTVIEW GENETICS, LLC,

    Defendants/Counter-Plaintiffs,

v.

LA DOLFINA S.A.,

    Counter-Claimant and Counter-Defendant.

## STATUS REPORT ON PLAINTIFFS' COMPLETION OF POST-TRIAL DISCOVERY

Pursuant to the Court's direction in its October 16, 2024 Post-Trial Findings of Fact and Conclusions of Law [ECF 527], La Dolfina S.A. and Adolfo Cambiaso ("Plaintiffs") report on the completion of the post-trial discovery.

In the Court's Findings of Facts and Conclusions of Law, the Court found that Plaintiffs satisfied the elements for their claim for an equitable accounting. ECF 527 at 68-71. The Court accordingly granted Plaintiffs leave to conduct limited post-trial discovery within 60 days of the Court's Order (i.e. by December 16, 2024), recognizing that without this post-trial discovery, "Plaintiffs will be irreparably harmed because they will be unable to determine whether they have received the full universe of tissue and clones." *Id.* at 84-86. The Court authorized:

>(1) depositions of Meeker, a 30(b)(6) representative of Genetics, or a single deposition of Meeker in both his personal and corporate capacities; (2) Meeker and Genetics' compliance with reasonable requests for production in order to secure updated and complete documentation of the tissue and clones derived therefrom, including communications and records by ViaGen Equine / Genetic Reflections and CryoPort regarding tissue and horses in their custody or control, as well as any other custodians; and (3) Meeker and Genetics' compliance in responding to a set of interrogatories and document requests before the depositions.

*Id.* at 86. The Court directed Plaintiffs to file a status report detailing the results of the authorized post-trial discovery within 10 days of the completion of post-trial discovery. *Id.* at 88. Plaintiffs timely do so now.

I. **DISCOVERY REQUESTS**

Plaintiffs served interrogatories and requests for production on Crestview Genetics and Meeker on October 25, 2024, attached as **Exhibits 1, 2, 3, and 4,** simultaneously asking Defendants' counsel about available dates for depositions. After Defendants' counsel failed to respond, Plaintiffs issued Notices of Deposition of Meeker and Genetics on November 4, 2024. On November 8, 2024, Defendants' counsel confirmed Meeker's availability for a deposition on December 4th, agreeing that he would testify both in his individual capacity and as a 30(b)(6) representative of Crestview Genetics. Plaintiffs accordingly issued an Amended Notice of Taking Post-Trial Videotaped Depositions of D. Alan Meeker and of Crestview Genetics, LLC Pursuant to Federal R. Civ. P. 30(B)(6) on November 11, 2024, attached as **Exhibit 5.**

II. **DISCOVERY RESPONSES**

On November 25, 2024, Defendants provided responses and objections to Plaintiffs' requests for production, interrogatories, and notice of deposition, attached as **Exhibit 6** (Genetics Responses to Interrogatories), **Exhibit 7** (Genetics Responses to RFPS), **Exhibit 8** (Meeker

Responses to Interrogatories), **Exhibit 9** (Meeker Responses to RFPS), and **Exhibit 10** (Genetics Responses to 30(b)(6) Deposition Notice).

Defendants failed to produce any documents at the time, instead stating in their response that they would only do so "within thirty days of the date of service for these Responses and Objections," i.e. by December 25, 2024. Plaintiffs promptly objected based on Defendants' obligation to produce the documents before the deposition. ECF 527 at 86. The following day, Defendants produced various materials, refusing to answer various follow-up inquiries by Plaintiffs' counsel.

On December 2, 2024, Plaintiffs' counsel conferred with Defendants' counsel regarding various deficiencies in Defendants' responses.[1] Defendants' counsel orally confirmed that Defendants were not withholding *any* documents based on their written objections, and also agreed to deposition questioning regarding topics to which they had previously objected. On the basis of Defendants' counsel's representations, Plaintiffs agreed to proceed with the deposition and refrain from seeking judicial intervention pending the results of the deposition.

On December 4, 2024, Plaintiffs deposed Mr. Meeker in both his individual capacity and as a corporate representative of Crestview Genetics. Attached as **Exhibit 11** is the resulting deposition transcript. During the course of the deposition, counsel for Plaintiffs created and added to a chart summarizing the inventory of clones and tissue, marked as the final exhibit in the Deposition, which Mr. Meeker made edits to and confirmed, attached as **Exhibit 12**.

---

[1] These included: Defendants' failure to state whether any responsive materials were being withheld on the basis of objections, their failure to provide adequate responses (e.g. only stating that certain clones were "in Texas," without providing an actual address), and various baseless objections regarding the scope of the upcoming deposition.

At the deposition, Mr. Meeker's answers continued to shift, continuing to raise doubts about the credibility and completeness of his answers, as well as the adequacy of his deposition preparation.

For example, Mr. Meeker now admitted that two parts of his trial testimony had been inaccurate: (1) that his trial testimony that there were nine Cuartetera clones in Defendants' custody was wrong, and that there were actually only eight Cuartetera clones, and (2) that instead of Farm purportedly owning four of the existing clones, Farm actually purportedly owned five of them. *See* Exhibit 11 at 34:19-35:11 (recanting his trial testimony regarding there being nine Cuartetera clones in Defendants' custody—"[t]here was never a ninth Cuartetera clone"—and now testifying that there were instead only eight *at the time of trial*.); 38:12-21 (recanting trial testimony that Farm "owned" four existing Cuartetera clones and now claiming that Farm owned *five* existing Cuartetera clones).[2] Mr. Meeker blamed ViaGen representatives for "misinformation" about the number of clones *at the time*, but failed to inform Plaintiffs' counsel (or the Court) about his incorrect trial testimony before providing his interrogatory responses on November 25, 2024. *Id.*; Exhibits 6 and 8 at Responses to Interrogatory 1.

---

[2] Mr. Meeker's post-trial efforts to continue to draw artificial and self-serving legal distinctions warrant no credence. Although Mr. Meeker now claims that five purportedly belong to Crestview Farm and two purportedly belong to Crestview Genetics, all of these clones were created using tissue entrusted to Crestview Genetics under the 2019 Side Letter agreement. ECF 527 at 14, 21-23, 47-51; 64; *see also* ECF 498-10 and ECF 498-11 (Contracts with ViaGen for creation of "CF Pantera" and "CF Symphony" clones); ECF 515 pp. 127–29 (Meeker trial testimony that these clones were produced pursuant to either the (invalid) 2009 Agreement or the 2019 Side Letter Agreement). All of the tissue in Genetics' custody was supposed to have been maintained "for the exclusive use of AC and LD" under the 2019 Side Letter Agreement, which Genetics breached. *Id.; see also* ECF 527 at 55-58. This included the tissue used to create all of the new clones. Mr. Meeker's current claimed distinctions between clones created from that tissue, as "owned" by either Genetics or Farm, deserves no credence. All of the La Dolfina horses and tissue in Crestview Genetics and Mr. Meeker's custody or control belong to Plaintiffs.

4

At his deposition (the following week), Mr. Meeker then claimed that there actually were only *seven* Cuartetera clones alive now, claiming to have only gained this information the night before his deposition. *See* Exhibit 11 at 27:10-28:22.  Mr. Meeker also identified as inaccurate other interrogatory responses from the week before.  *See*, *e.g.,* Exhibit 11 at 57:25-58:7 (Meeker first claiming that the interrogatory response that all tissue was being held by CryoPort in Houston was "accurate") 60:16-61:7 (Meeker later admitting that he had only asked ViaGen the night before his deposition whether they still had any Cuartetera tissue); 88:4-20 (Defendants' counsel stipulating to providing a supplement to the interrogatory answer once this information was acquired); *see also* 77:2-9 (Meeker testifying that his interrogatory response about babies of clones was inaccurate).

Despite Mr. Meeker's shifting assertions, Plaintiffs' counsel endeavored to gain information sufficient to complete their accounting.

After the deposition, Plaintiffs' counsel pressed Defendants' counsel for amended interrogatory responses. On December 6, 2024, Defendants produced a "Supplemental Response" to Plaintiffs' interrogatories, attached at **Exhibit 13**, admitting that their prior response was incorrect, and also produced some belated documents, without explanation for why these had not been produced before the deposition, and without specifically confirming, as requested, that they had engaged in a comprehensive production and review process.  On December 9, 2024, Defendants' counsel finally confirmed that "responsive documents have all been produced and we are not withholding any documents."

### III. RESULTING ACCOUNTING

Following are the results of Plaintiffs' post-trial discovery.[3]

### A. Clones

At present, there are:

1. Seven clones of Cuartetera being held in Gainesville, Texas by ViaGen, born between April 20, 2022 and June 1, 2023. *See* Exhibit 12; Exhibits 6 and 8 at Responses to Interrogatory 1; Exhibit 13; Exhibit 11 at 30:2-24; 44:25-45:13; 54:8-19; 95:3-10; *see also* **Exhibit 14** (August 2023 email from ViaGen listing Cuartetera clones and their dates of birth).

2. Three clones of Colibri being held in Aiken, South Carolina by "Crestview in Aiken." *See* Exhibit 12; Exhibits 6 and 8 at Responses to Interrogatories 1 and 2; Exhibit 13; Exhibit 11 at 42:23-43:8; 97:9-12.

3. One clone of Aiken Curah being held in Aiken, South Carolina by "Crestview in Aiken." *See* Exhibit 12; Exhibits 6 and 8 at Responses to Interrogatories 1 and 2; Exhibit 13; Exhibit 11 at 41:1-43:8; 97:13-15.

4. No clones are in gestation. *See* Exhibit 12; Exhibits 6 and 8 at Responses to Interrogatory 1; Exhibit 13; Exhibit 11 at 39:14-25; 42:4-6; 43:16-18.

5. No other clones of La Dolfina horses exist, including clones of clones. *See* Exhibits 6 and 8 at Responses to Interrogatory 1; Exhibit 13; Exhibit 11 at 39:11-13; 43:10-12; 50:21-51:16; 56:13-57:11; 97:16-25; Exhibit 12.

---

[3] Plaintiffs maintain justified doubts regarding Mr. Meeker's credibility and the completeness of his answers. Accordingly, in the Proposed Final Judgment to be filed concurrently with this Status Report, Plaintiffs will not limit the requested injunctive relief to the tissue and clones identified herein.

6.  No clones of La Dolfina horses that have been transferred by Defendants to any third parties, other than the three clones transferred to Pegasus Rider in 2020. *See* Exhibit 11 at 41:1-8, 55:1-6; Exhibits 6 and 8 at Responses to Interrogatories 6 and 7; Exhibit 12.

**B.   Tissue**

At present, there is the following tissue of La Dolfina horses in Defendants' possession, custody, or control:

1.  Tissue of various La Dolfina horses with CryoPort / CryoGene in Houston Texas. *See* Exhibit 12; Exhibits 6 and 8 at Responses to Interrogatory 1; Exhibit 13. Exhibit 11 at 70:12-71:1 (Meeker testifying that Deposition Exhibit 15, a tissue inventory, was accurate); 98:1-13; **Exhibit 15** (April 25, 2023 tissue inventory with "Owner Info"); **Exhibit 16** (May 11, 2023 inventory from CryoGene, which is the most recent CryoGene inventory produced by Defendants).

2.  Tissue of Cuartetera, being held under the aliases Symphony and Pantera, in ViaGen's custody in Lethbridge, Canada. *See* Exhibit 13; *see also* Exhibit 11 at 88:4-20.

3.  There is no other La Dolfina tissue held by Meeker, Genetics, or Farm anywhere else other than with CryoPort[4] or ViaGen. *See* Exhibit 11 at 61:11-62:11; Exhibit 12; Exhibit 13; Exhibits 6 and 8 at Responses to Interrogatory 1.

---

[4] Also referred to and d/b/a "CryoGene." *See* Exhibit 11 at 58:19-59:14.

### C.  Babies of Clones

At present, there are no babies of clones bred by Defendants and born within the last five years; all prior babies of clones were allocated under the 2019 Settlement Agreement. *See* Exhibit 12; Exhibit 11, 79:2-22; 98:15-22; Exhibits 6 and 8 at Responses to Interrogatory 5.

Dated: December 24, 2024

                                        MCDONALD TOOLE WIGGINS, P.A.

*/s/Francis M. McDonald, Jr.*
Francis M. McDonald, Jr.
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Email:  fmcdonald@mtwlegal.com
        slong@mtwlegal.com

Habib Nasrullah (Admitted *pro hac vice*)
Miles D. Orton (Admitted *pro hac vice*)
William P. Sowers (Admitted *pro hac vice*)
Michaela H. Redlingshafer (Admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:  nasrullah@wtotrial.com
        orton@wtotrial.com
        sowers@wtotrial.com
        redlingshafer@wtotrial.com

*Counsel for Adolfo Cambiaso and La Dolfina S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MCDONALD TOOLE WIGGINS, P.A.

        *Francis M. McDonald, Jr.*
        Francis M. McDonald, Jr.